RAWLINSON, Circuit Judge,
dissenting:
I respectfully dissent from the majority’s failure to rule on the issue of qualified immunity in this case. We may affirm the district court’s decision “on any ground supported by the record.” Serrano v. Francis, 345 F.3d 1071, 1076-77 (9th Cir. 2003). And the record in this case supports affirming the grant of summary judgment in favor of the prison officials on the basis of qualified immunity. See id.
I agree that constant illumination of an inmate’s sleeping quarters may constitute a serious deprivation of the right to shelter guaranteed by the Eighth Amendment in some circumstances. See Keenan v. Hall, 83 F.3d 1083, 1090-91 (9th Cir.1996). However, before denying qualified immunity to prison officials, we must determine whether the party asserting the injury has sufficiently alleged a constitutional violation, and whether the right violated was clearly established. See Wilkins v. City of Oakland, 350 F.3d 949, 954 (9th Cir.2003). “[Cjlearly established means that it would be clear to a reasonable [prison official] that his conduct was unlawful in the situation he confronted.” Id. (citation and internal quotation marks omitted) (emphasis in the original).
We recently held that constant illumination of an inmate’s cell is unconstitutional only if no penological justification is provided for such illumination. See Chappell v. Mandeville, 706 F.3d 1052, 1057-58 (9th Cir.2013). We distinguished Keenan, the case relied on by Plaintiff Neil Grenning. We emphasized that “Keenan did not clearly establish that constant illumination violates the Eighth Amendment when done for a legitimate penological purpose.” Id. at 1058. Rather, the panel in Keenan expressly “noted that no legitimate peno-logical justification had been offered [by *1243 the prison officials] in that case.... ” Id. (citation omitted).
By contrast, in this case, prison officials offered the following legitimate penological purposes for constant illumination:
• Offenders in the Segregation Management Unit (SMU) pose a greater security risk within the institution.
• Because of the greater security risk, inmates housed in the SMU are subjected to security checks every thirty minutes.
• Constant illumination allows staff to conduct security checks without disrupting offenders by turning on the lights every thirty minutes or by shining a flashlight into the inmate’s cell.
• Constant illumination prevents inmates from observing the use of lights by correctional staff to assess their proximity.
As federal judges, we are in no position to second-guess the legitimacy of these proffered justifications. See Noble v. Adams, 646 F.3d 1138, 1144 (9th Cir.2011) (“When balancing the obligation to provide for inmate and staff safety against the duty to accord inmates the rights and privileges to which they are entitled, prison officials are afforded wide-ranging deference ....”) (alteration and internal quotation marks omitted). “[W]e may not lightly second-guess [prison] officials’ expert judgments” on these security issues. Id.
In my view, the presence of legitimate justifications for constant illumination in the SMU sufficiently distinguishes this case from Keenan such that it would not be clear to a reasonable prison official that reliance on the proffered justifications for the use of constant illumination in the SMU would violate the Eighth Amendment. I would affirm the district court’s grant of summary judgment in favor of the prison officials on the alternative basis that they were entitled to qualified immunity.